# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2705
_____

United States of America

*Plaintiff - Appellee*

v.

Davon R. Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: July 9, 2026
Filed: July 16, 2026
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and JUSTIN D. SMITH, Circuit Judges.
_____

PER CURIAM.

Davon Williams appeals after a jury convicted him of drug and firearm offenses and the district court[1] sentenced him to 420 months in prison. His counsel

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sentence. Williams has filed a pro se brief challenging his conviction and the calculation of the Guidelines range.

Upon careful review, we conclude that Williams's arguments based on <u>Johnson v. United States</u>, 576 U.S. 591 (2015) and <u>United States v. Davis</u>, 588 U.S. 445 (2019) are unavailing. <u>See</u> <u>In re Navarro</u>, 931 F.3d 1298, 1302 (11th Cir. 2019) (per curiam) (18 U.S.C. § 924(c) conviction based on drug-trafficking crimes is outside the scope of <u>Johnson</u> and <u>Davis</u>). We also conclude that the evidence at trial was sufficient to support Williams's convictions for possessing firearms in furtherance of drug-trafficking crimes, <u>see</u> <u>United States v. Timlick</u>, 481 F.3d 1080, 1082 (8th Cir. 2007) (sufficiency of evidence to sustain conviction is reviewed de novo); <u>United States v. Spears</u>, 454 F.3d 830, 832 (8th Cir. 2006) (appellate court does not weigh evidence or assess credibility of witnesses; examining evidence in light most favorable to verdict and accepting all reasonable inferences which tend to support jury verdict; appellate court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt); and that the district court did not err in giving non-model jury instructions, <u>see</u> <u>United States v. Owens</u>, 966 F.3d 700, 705 (8th Cir. 2020) (model jury instructions serve as helpful suggestions but are not binding on the district courts unless promulgated by this court).

We further conclude that the district court did not err in calculating Williams's Guidelines range, and note that any error would have been harmless, as the court stated that it would have imposed the same sentence even if it had sustained his objections. <u>See</u> <u>United States v. Turner</u>, 781 F.3d 374, 393 (8th Cir. 2015) (construction and application of Guidelines are reviewed de novo; factual findings are reviewed for clear error); <u>United States v. Hamilton</u>, 929 F.3d 943, 948 (8th Cir. 2019) (Guidelines miscalculation is harmless when the district court indicates that it would have alternatively imposed the same sentence even if a lower range applied).

As to the argument in the <u>Anders</u> brief, we conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentences for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when the court fails to consider relevant factor, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors). Further, the court imposed a sentence below the Guidelines range. <u>See</u> <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when the district court has varied below the Guidelines range, it is "nearly inconceivable" that the court abused its discretion in not varying further).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____